**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 99-30744

---

ROGER D. YATES; TRAVIS CARTER; GEORGE McGUFFEY,

Plaintiffs-Appellants,

VERSUS

RICHARD STALDER, Secretary,
Department of Public Safety and Corrections,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Middle District of Louisiana

June 30, 2000

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:

Roger D. Yates, Louisiana state prisoner #87050, Travis Carter, Louisiana state prisoner #97219, and George McGuffey, Louisiana state prisoner # 87708, appeal the dismissal of their civil rights complaint filed against Richard Stalder, Secretary, Louisiana Department of Public Safety and Corrections. We affirm in part and reverse in part and remand for further proceedings.

1

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs, three male prisoners incarcerated in Louisiana state prison, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (1994) alleging that they were being discriminated against based upon their gender because living conditions provided by defendant for male inmates were significantly harsher than those provided for female inmates. Specifically, Plaintiffs allege that, unlike male inmates confined at the state penitentiary, female inmates confined at the Louisiana Correctional Institute for Women ("LCIW") do not have to labor in agricultural fields, may earn assignment to private or semi-private rooms through participation in a merit program and are confined in air-conditioned units. Plaintiffs further allege that women inmates at LCIW are provided with a standard of living above the state poverty level in violation of Louisiana law, while male inmates are limited to the state poverty level standard. *See* LA.REV.STAT. 15:738 (West Supp. 1999). Plaintiffs allege that the disparate living conditions and work requirements violate their rights under the Fourteenth Amendment.

Defendant Secretary Stalder[1] moved to dismiss the complaint on

_____

[1]Plaintiffs allege that Stalder, currently the Secretary of the Louisiana Department of Public Safety and Corrections, has held that position "for approximately eight(8) years." In that role, he is responsible for implementing Louisiana policy concerning the assignment of inmates to various facilities, administering the department, and supervising the department's institutions, facilities and services.

qualified immunity grounds, claiming that his conduct did not violate any of Plaintiffs' clearly established constitutional or statutory rights. The district court granted the motion. Adopting the report and recommendation of the magistrate, the district court held that the Due Process Clause affords Plaintiffs no relief because Plaintiffs have no justifiable expectation that they will be incarcerated in any particular prison within the state citing *Olim v. Wakinekona*, 461 U.S. 238 (1983). The district court went on to reject Plaintiffs' Equal Protection Clause claim because Plaintiffs are not similarly situated with female prisoners confined at LCIW, based on the fact that the prisons "are geographically and structurally dissimilar." Concluding that the Plaintiffs failed to assert a violation of a clearly established right, the district court held that Stalder was entitled to qualified immunity.[2]

## DISCUSSION

We review *de novo* a district court's ruling on a motion to dismiss, applying the same standard as the district court. *See General Star Indemnity Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 949 (5th Cir. 1999).

---

[2] We note that qualified immunity is not a defense to Plaintiffs' claims for declaratory and injunctive relief and to the extent that the district court based its dismissal of those claims on its qualified immunity analysis, it may have erred. However, because we hold that the district court prematurely determined Stadler's entitlement to qualified immunity on Plaintiffs' Equal Protection Clause claims, it is unnecessary for us to address this issue.

3

**A. Due Process**

The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). Further, a prisoner has no liberty interest in being housed in any particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Tighe v. Wall,* 100 F.3d 41, 42 (5th Cir. 1996). Because Plaintiffs have failed to allege the deprivation of a constitutionally cognizable liberty interest, the district court did not err by granting Stalder qualified immunity on this claim.

**B. Equal Protection**

The first step in qualified immunity analysis is to determine whether the plaintiff has alleged a "violation of a clearly established constitutional right." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325-26 (5th Cir. 1998). This is a "purely legal question" to be determined by the Court. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). It is clearly established that a state violates the equal protection clause when it treats one set of persons differently from others who are similarly situated. *See Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999).

Plaintiffs allege that male inmates are discriminated against on the basis of their gender in Louisiana, thereby denying them equal protection under the law. To state an equal protection claim, the Plaintiffs must allege, *inter alia*, that similarly

4

situated individuals have been treated differently. *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). The inquiry focuses on whether the plaintiffs are similarly situated to another group for purposes of the challenged government action. *See Klinger v. Dep't of Corrections*, 31 F.3d 727 (8th Cir. 1994).

Defendant Stalder relies on the Eighth Circuit's finding in *Klinger* that male inmates in Nebraska's maximum security men's prison are not similarly situated to female inmates in Nebraska's sole women's prison. *See* 31 F.3d at 731. We agree that *Klinger* affords analysis that is useful and persuasive in resolving the question presented in this appeal, but conclude that it requires reversal of the district court's dismissal and remand for further development of the facts. In July 1988, four Nebraska inmates filed a *pro se* complaint in federal district court alleging that the Department of Corrections was treating male inmates more favorably than female inmates in terms of its programs and services. *See id.* at 729. The district court appointed counsel to represent the *pro se* inmates, who subsequently amended the complaint three times. *See id.* The court required plaintiffs to identify specific prison units on which their comparisons of programs and services relied. *See id.* The parties took twenty-nine depositions involving both lay and expert witnesses and focused their comparisons on twelve separate programs for inmates. *See id.* They also developed per capita spending figures and

related funding issues.  After three years of pretrial proceedings and discovery, the district court held a four week trial on the issue of liability.  *See id.* at 730.  Based on this extensive factual development, the Eighth Circuit determined that the two groups of inmates were not similarly situated.  *See id.* at 731. The record developed in the present case is, as illuminated by a comparison to *Klinger*, wholly inadequate to allow us to determine whether Plaintiffs are similarly situated to the female inmates in LCIW.  *Klinger*'s holding is based on a fact intensive examination of, *inter alia,* the number of inmates housed in each facility, their average length of stay, their security levels, and the statistical incidence of violence and victimhood. The district court's opinion in this case mentions only that the male and female units are geographically and structurally different.  There is no clear connection between that observation and the Plaintiffs' complaints and nothing in the record that supports the conclusion.

We do not imply that the Constitution requires all prisons to have similar programs or to allocate resources similarly.  Perhaps male prisoners on Plaintiffs' unit vandalize the buildings more often than LCIW inmates, making it economically less feasible to provide air conditioning because the necessary funds are consumed in building repairs.  Perhaps LCIW does not have farmland and for that reason LCIW inmates cannot be assigned to do agricultural field work.  Nonetheless, our speculations concerning possible

6

disparities among male and female populations cannot be substituted for adequate evidence and findings of fact in the district court.

We are fully cognizant of the high degree of deference courts must afford to prison authorities in the inordinately difficult task of running prisons. *See Turner v. Safley*, 482 U.S. 78, 85 (1987). If legitimate penalogical goals can rationally be deemed to support the decision to treat male and female prisoners differently, then they are not similarly situated for Equal Protection purposes. But that is not a conclusion that we can draw from the present record.

## C. No Merit to Remaining Claims

Plaintiffs complain that the district court failed to rule on certain motions that do not appear in the record, that the district court was biased because it denied other motions and that the district court failed to consider their objections to the magistrate's report and recommendation. We find no merit in these contentions.

### CONCLUSION

We affirm the dismissal of Plaintiffs' due process claims, reverse the dismissal of Plaintiffs' equal protection claims and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.