**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**April 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11090
Summary Calendar

_____

UYI KING OSAYANDE,

Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION
SERVICE; FEDERAL BUREAU OF PRISONS,

Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-88-N
- - - - - - - - - -

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Uyi King Osayande, a federal prisoner (# 26653-077), appeals from the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. Osayande is serving concurrent 136-month prison terms following his 1995 convictions of conspiracy to possess heroin with intent to distribute and possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a). Osayande, a native of Nigeria, argued in his habeas petition that (1) he is entitled to a waiver of deportation pursuant to § 212(c)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Immigration and Naturalization Act (8 U.S.C. § 1182(c) (repealed)) and (2) his transfer to a private prison facility, operated by Cornell Correctional Corporation and used to house immigration detainees, violates his constitutional rights because he is still serving his federal sentence.

For the first time on appeal, the respondents argue that the § 212(c) relief sought by Osayande is unavailable, because no removal or deportation proceedings have been commenced against him and any relief that could be granted would be prospective. This is more or less an argument that Osayande's § 212(c) claim is non-justiciable. Article III of the Constitution restricts federal courts to adjudicating actual "cases" and "controversies." United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000). In order to give meaning to Article III's "case or controversy requirement," the courts have developed "justiciability doctrines," such as the "ripeness" doctrine. Id. (citation omitted). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." Id.

Former § 212(c) (codified as 8 U.S.C. § 1182(c)) literally applied only to exclusion proceedings, but it has been interpreted to allow permanent resident aliens to apply to the Attorney General for discretionary waiver of deportation. See INS v. St. Cyr, 533 U.S. 289, 295 (2001) (discussing the history of § 212(c)). Osayande has no need to seek a waiver of deportation unless the INS actually commences deportation or removal proceedings against him.

Because this has not occurred, his § 212(c) claim is not ripe for review and is not justiciable.[**]

The respondents also contend that the district court lacked jurisdiction over any immigration claim because Osayande is not in INS "custody" for purposes of 28 U.S.C. § 2241.  This is correct.  The mere filing of an INS detainer against a federal prisoner, without more, does not place that prisoner within INS custody.  See Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003).

Osayande's contention that his detention at a private correctional facility for INS detainees violates his due process rights is frivolous.  A prisoner has no right under the Due Process Clause to be housed in a particular correctional facility.  See Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); Yates v. Stalder, 217 F.3d 332, 334 (5th Cir. 2000).

Osayande's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, the appeal is DISMISSED.  See 5TH CIR. R. 42.2.

APPEAL DISMISSED.

---

[**]  Osayande would in any event be ineligible for § 212(c) relief.  That statute provided that the waiver of deportation does not apply to an inmate who has "been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years."  See 8 U.S.C. § 1182(c) (repealed); Goonsuwan v. Ashcroft, 252 F.3d 383, 384 n.1 (5th Cir. 2001).  At the time Osayande filed the instant § 2241 petition, he had served approximately seven years of his drug-trafficking sentences.  The INA's definition of "aggravated felony" includes drug-trafficking crimes.  See 8 U.S.C. § 1101(a)(43)(B).