United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30456
Summary Calendar

BILLY SINCLAIR,

Plaintiff-Appellant,

versus

RICHARD STALDER, In his official
capacity; KELLY WARD, In his
official capacity; VENETIA T.
MICHAEL; JOHN ASHCROFT,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5-01-CV-188

Before GARWOOD, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Billy Sinclair, Louisiana inmate # 064373, appeals from the
summary judgment dismissal of his civil rights action under 42
U.S.C. § 1983. Sinclair claimed that the assignment of female
prison guards to tier duty in the residential areas of his prison
unit violated his rights under the First, Fourth, Eighth, and

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fourteenth Amendments.  Sinclair sought declaratory and injunctive relief prohibiting the use of female officers to supervise the living areas at the David Wade Correctional Center, where he is incarcerated.

After a thorough examination of the record, we have determined that the district court did not err in granting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986); FED. R. CIV. P. 56.  Accordingly, we AFFIRM the judgment of the district court.

The summary judgment evidence provided in support of Sinclair's Eighth Amendment claim shows that the use of female officers to supervise the living areas of Sinclair's unit occasions nothing more than a brief postponement of the necessary functions of urination and/or defecation, rather than the unnecessary and wanton infliction of pain required for a constitutional violation. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986).  We affirm the dismissal of Sinclair's Fourteenth Amendment equal protection claim because Sinclair failed to meet his burden to come forward with summary judgment evidence showing that male and female prisoners are similarly situated.  *See Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002).

Under the test set forth in *Turner v. Safley*, 482 U.S. 78 (1987), which is properly used to analyze Sinclair's First and

Fourth Amendment claims, the validity of a prison regulation or practice turns on whether the regulation or practice is "reasonably related to a legitimate penological interest." *Turner*, 482 U.S. at 89. This court has previously determined that a state has a legitimate interest in maintaining security and pursuing equal employment opportunity practices. *See Ordaz v. Martin*, No. 93-4170 (5th Cir. Sept. 15, 1993) (unpublished) (prisoner's civil rights action). Considering the summary judgment evidence, and in view of Sinclair's failure to suggest ready and effective alternatives to the state's policy, which is his burden, we have determined that the state's policy of using female officers to supervise the living areas of Sinclair's prison unit is reasonably related to legitimate penological objections, including flexibility in security personnel staffing and equal employment opportunity. *See Turner*, 482 U.S. at 89-91. Given the evidence presented, Sinclair's right to privacy, which is at best minimal, *see Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002), must yield to the state's legitimate interest.

AFFIRMED.