**Shannon Dale CASSELS,**

v.

**Richard STALDER, Secretary of Louisiana Department of Public Safety and Corrections, et al.**

**No. CIV.A.03–0709–D–M2.**

United States District Court,
M.D. Louisiana.

Oct. 20, 2004.

---

Jane Johnson, Stacy Seicshnaydre, George Frazier, IV, Tulane Law School, New Orleans, LA, for plaintiff.

Rose Polito Wooden, Louisiana Department of Justice, Baton Rouge, LA, Andre Charles Castaing, Atlanta, GA, for defendants.

## *RULING ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR PLAINTIFF'S UNDISPUTED MATERIAL FACTS TO BE DEEMED ADMITTED*

BRADY, District Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment (doc. 18) and Defendants' Motions for Summary Judgment (doc. 25) and (doc. 34). Defendants' Motions for Summary Judgment are opposed (doc. 47).

Also before the Court is Plaintiff's Motion for Undisputed Facts to be Deemed Admitted (doc. 48). This motion has been opposed (doc. 50). Subject matter jurisdiction in this Court exists pursuant to 28 U.S.C. §§ 1331 and 1343.

Oral argument was held on the motions on August 26, 2004, and this matter was submitted on the briefs.

## I. BACKGROUND

Shannon Cassels ("Plaintiff"), an inmate at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed suit pursuant to 42 U.S.C. § 1983 against: (1) Richard Stalder, Secretary of Louisiana Department of Public Safety and Corrections; (2) Warden Burl Cain; (3) Lieutenant Shasyoski Anderson; (4) Warden Leslie Dupont; (5) Major Richard Ducote; and (6) Classification Officer Pauline Turner ("Defendants"). Plaintiff complains that he was convicted of violating an unconstitutionally vague and overbroad prison rule. In addition, he alleges this conviction was in retaliation for his mother's placing an advertisement for legal assistance on the internet.

Plaintiff was charged with violating Rules 30k and 30w of the Louisiana Disciplinary Rules and Procedures.[1] The disciplinary board dismissed the Rule 30w charge.[2] However, the disciplinary board held that the plaintiff had "spread rumors" and convicted him of violating Rule 30k. A proper analysis of Plaintiff's claims in the instant suit requires a brief description of the events leading up to his conviction for violating Rule 30k.

Plaintiff alleges that on or about August 28, 2001 he was denied adequate medical treatment. Plaintiff called his mother, Doris Bynog, who then called the prison and inquired why the plaintiff was allegedly being denied medical treatment. Plaintiff was subsequently admitted to the hospital for treatment.

Plaintiff claims after he was released from the hospital, prison guards harassed him for calling his mother to assist with his request for medical treatment. Plaintiff then filed an Administrative Remedy Procedure ("ARP"), labeled ARP # 01–4552, in which he alleged he was verbally

---

1. *Rule 30k* prohibits "spreading rumors about an employee, visitor, guest, or inmate."

 *Rule 30w* states "[a]ny behavior not specifically enumerated herein that may impair or threaten the security or stability of the unit or well-being of an employee, visitor, guest, inmate, or their families may still be the subject of a disciplinary report and all Schedule B penalties except forfeiture of good time."

2. The Court makes no determination with regard to Rule 30w because the plaintiff was not convicted of violating Rule 30w and thus lacks standing to contest the constitutionality of Rule 30w.

and physically abused and denied medical treatment on August 28, 2001.[3] Prison officials held there was no evidence to support the plaintiff's allegations of harassment or denial of medical treatment.[4] Thus, Plaintiff's request for administrative remedy was denied.[5]

In addition to filing the ARP, Plaintiff either sent a copy of the ARP to his mother or read the ARP over the phone to his mother.[6] His mother then placed an advertisement on the internet requesting legal help for her son.[7] The advertisement contained the same allegations that were set forth in the ARP.[8]

Several months later, Warden Deville of the Dixon Correctional Institute viewed the advertisement and notified Lt. Anderson of the LSP Investigative Services. Lt. Anderson initiated an investigation of the advertisement and wrote a disciplinary report regarding a possible violation of Rule 30k. During the investigation, Warden Dupont placed Plaintiff in administrative segregation. Shortly thereafter, Warden Cain issued a memorandum stating any inmate who was found to be listed on any internet site will be placed on mail watch and his telephone calls will be monitored.[9]

A disciplinary board convicted Plaintiff of violating Rule 30k for spreading rumors about prison staff on the internet. Plaintiff appealed this conviction once to Warden Cain and then a second time to Secretary Stalder.[10] The disciplinary appeals are identified as LSP 2002—13338. Plaintiff's conviction resulted in a loss of 90 days of incentive wages and a custody change to maximum working cell block.[11]

Plaintiff maintains his claims in the current lawsuit do not pertain to the validity of the allegations set forth in the ARP. Rather, the claims in the instant suit arise out of plaintiff's conviction for "spreading rumors" in the internet advertisement.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[12] When the burden at trial rests on

---

3. *See* Complaint (doc. 1), Exhibit 1.

4. *See* Defendants' Memorandum in Support of Motion for Summary Judgment (doc. 27), Exhibit 5 (second step response form regarding ARP # 01–4552).

5. *Id.*

6. Plaintiff's first amended complaint stipulates he "read the ARP over the phone to his mother." Plaintiff made a prior statement to Lt. Anderson that he "sent her a copy." In any event, the information in the ARP was transferred to his mother.

7. The advertisement was entitled "SHANNON CASSELS Legal Help Wanted."

8. *See* Complaint (doc. 1), Exhibit 2 (the advertisement alleged that staff, identified by rank and initials, verbally and physically abused the plaintiff, and poured feces and/or urine on his possessions and hair).

9. Plaintiff's first amended complaint contends Warden Cain's memorandum is unconstitutionally broad. However, neither Plaintiff nor Defendants briefed the issue in their motions for summary judgment. The Court finds there are no facts to suggest Plaintiff was convicted or punished pursuant to this memorandum. Therefore, the Plaintiff lacks standing to contest the constitutionality of Warden Cain's November 1, 2002 memorandum.

10. *See* Defendants' Memorandum in Support of Motion for Summary Judgment (doc. 27), Exhibit 6 (disciplinary board appeal dated February 5, 2003).

11. *Id.*

12. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

the non-moving party the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case.[13] The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-moving party's case.[14]

Although this Court considers the evidence in the light most favorable to the non-moving party, the non-moving party may not merely rest on allegations set forth in the pleadings. Instead, the non-moving party must show that there is a genuine issue for trial.[15] Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden,[16] as unsubstantiated or conclusory assertions are incompetent summary judgment evidence and cannot defeat a motion for summary judgment.[17] If, once the non-moving party has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party.[18]

## III. ANALYSIS

### A. Summary of Plaintiff's claims.

#### 1. Plaintiff alleges disciplinary proceedings were filed against him in retaliation for exercising constitutionally protected rights.

Plaintiff alleges he has been retaliated against for engaging in activities that are protected under the First and Fourteenth Amendment of the United States Constitution. Specifically, Plaintiff claims he was convicted of violating Rule 30k in retaliation for seeking legal counsel. Thus, Plaintiff alleges the retaliation interfered with his right to freedom of speech and his right to access the courts.

Plaintiff is seeking damages against the defendants in their personal capacity for mental anguish, emotional distress, and lost wages that resulted from the alleged retaliation.

#### 2. Plaintiff alleges Rule 30k is unconstitutionally vague and overbroad on its face and as applied.

Pursuant to Rule 30k, Plaintiff was convicted of spreading rumors. He is seeking declaratory and injunctive relief for being convicted of violating an allegedly unconstitutional rule. He is additionally seeking damages against the defendants in their personal capacity for mental anguish, emotional distress, and lost wages. Plaintiff alleges these damages resulted from being convicted pursuant to an unconstitutional rule.

### B. Defendants' Motions for Summary Judgment (docs. 25 & 34).

All of the named defendants, except Defendant Turner, filed a motion for summary judgment on April 16, 2004. On April 28, 2004, defendant Turner filed a motion for summary judgment in which she raised no new arguments and adopted all the arguments presented in the April 16, 2004 motion. Thus, the Court will examine arguments set forth in the April

---

13. *Id.*

14. *Id.*

15. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

16. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir.1996).

17. *Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 577 (5th Cir.2003)(citing *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir.2002)).

18. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; see also FED. RULE CIV. P. 56(c).

16, 2004 motion as they apply to each defendant.

### 1. 11th Amendment

Defendants argue Plaintiff's state law claims are barred by the Eleventh Amendment. Plaintiff stipulates he has no state law claims; hence, Defendants' Eleventh Amendment arguments as to state law claims are a non-issue.

Defendants have not raised the Eleventh Amendment as a bar to Plaintiff's claims under federal law. However, Plaintiff clarifies in his opposition brief that he has not asserted any claims against the defendants for *damages* in their *official capacity* and therefore has not run afoul of the Eleventh Amendment.[19] Although not an issue in this case, the Court notes that any claim for damages against the defendants in their official capacity would be barred by the Eleventh Amendment.[20]

Accordingly, Defendants are not entitled to summary judgment on grounds of Eleventh Amendment immunity.

### 2. Failure to Exhaust Administrative Remedies.

Defendants move to dismiss the plaintiff's claims, contending that the plaintiff has failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.[21] Defendants argue that Plaintiff did not exhaust his administrative remedies against the Defendants named in this lawsuit because they were not named in the ARP. The instant suit arises from Plaintiff's conviction for spreading rumors in violation of Rule 30k and is not premised on the claims made in the ARP. Therefore, it is immaterial whether the Defendants herein were made parties to the ARP and the Court finds this to be a non-issue.

▋ The real issues relative to exhaustion are whether Plaintiff exhausted his claim that Rule 30k was unconstitutional and whether he was retaliated against for having his mother place the internet advertisement. At oral argument, Defendants argued Plaintiff failed to raise any constitutional challenges in his administrative appeals of the Rule 30k conviction, thus failing to exhaust administrative remedies.

In Plaintiff's appeal from the disciplinary board, he argued the advertisement was placed "in seek of legal help." Plaintiff further argued in the disciplinary appeal that he was "being retaliated against." Although Plaintiff's disciplinary appeal did not explicitly state Rule 30k is unconstitutionally vague, he implied the Rule is vague with several examples.[22] The Court finds the Plaintiff adequately raised the following arguments in the disciplinary appeals process: (1) access to courts and the right to seek counsel, (2) retaliation, and (3) constitutional challenges based on the doctrines of vagueness and overbreadth. Therefore, Plaintiff attempted to exhaust his administrative remedies in good faith.

Accordingly, Defendants are not entitled to summary judgment on grounds that Plaintiff failed to exhaust administrative remedies.

---

**19.** *See* Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment n. 21 (doc. 47).

**20.** *See Ex Parte Young*, 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

**21.** Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Stat-utes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

**22.** *See* Defendants' Memorandum in Support of Motion for Summary Judgment (doc. 27), Exhibit 6 (appeal from the disciplinary board).

### 3. Defendants argue Plaintiff's due process rights were not violated by the disciplinary board.

Plaintiff has stipulated in his reply brief that he "has not asserted any due process claims." [23] Therefore, Defendants due process argument is a non-issue.

### 4. Defendants argue Plaintiff's claim has prescribed.

Defendants argue that Plaintiff received a final agency decision regarding ARP No. LSP—00—3893 on November 19, 2001. First, "LSP-00-3893" is the incorrect ARP number. As Defendants' own exhibits demonstrate, the correct ARP number is 01–4552. There was a final decision on ARP 01–4552 on November 19, 2001. However, as the Court has already noted, the claims before this Court do not arise from the allegations set forth in ARP 01–4552.

Plaintiff's constitutional challenges and retaliation claim arise from his conviction for violating Rule 30k. This conviction was assigned the disciplinary appeal number of LSP 2002–13338. The final appellate decision regarding LSP 2002–13338 was rendered on February 5, 2003. The instant suit was filed on September 18, 2003, well within the one year prescriptive period to file such suits.

 As for Plaintiff's retaliation claim, the disciplinary report was filed against him for violating Rule 30k on September 6, 2002. However, any damages that may have been sustained due to the alleged retaliation were not sustained until the conviction was upheld. The final appellate decision regarding the Rule 30k violation was rendered on February 5, 2003 and this lawsuit was filed on September 18, 2003, within the one year prescriptive period.

Accordingly, Defendants are not entitled to summary judgment on grounds of prescription.

### 5. Qualified Immunity

The Court must examine which parties, in what capacities, are the proper defendants with regard to each individual claim. Plaintiff is seeking declaratory and injunctive relief, as well as damages and reimbursement of lost wages. The plaintiff generally states he has sued each defendant in his or her individual and official capacity.

When analyzing a case filed pursuant to 42 U.S.C. § 1983, the Court must discuss the difference between personal capacity suits and official capacity suits.[24] When a plaintiff files suit against an official in his individual capacity, the plaintiff is seeking "to impose personal liability upon a government official for actions he takes under color of state law." [25] Qualified Immunity may be available to an official sued in his personal capacity.

Alternatively, when a plaintiff names a government official in his official capacity, the plaintiff is seeking to recover compensatory damages from the government body itself.[26] Qualified immunity is not available in an official capacity suit.[27] More importantly, the Fifth Circuit has recog-

---

23. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (doc. 47).

24. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 (1991) (personal and official capacity suits distinguished).

25. *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

26. *See Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985).

27. *See Harvey v. Blake,* 913 F.2d 226 (5th Cir.1990) (holding city official's liability for back pay was in her official capacity, so doctrine of qualified immunity did not apply).

nized qualified immunity is not a defense to claims for declaratory and injunctive relief.[28]

### a. Qualified Immunity for Plaintiff's Constitutional Challenge of Rule 30k.

#### 1. *Declaratory and Injunctive Relief.*

■ Here, Plaintiff claims that Rule 30k is unconstitutionally vague and overbroad and seeks declaratory and injunctive relief.[29] The appropriate defendants in a claim to have a Louisiana prison disciplinary rule declared unconstitutionally vague and enjoin its enforcement are Secretary Stalder and Warden Cain in their individual capacities.[30] Because this claim is merely seeking declaratory and injunctive relief, Secretary Stalder and Warden Cain, in their individual capacities, are not entitled to summary judgment on the grounds of qualified immunity.[31]

#### 2. *Damages for being convicted pursuant to an allegedly unconstitutional rule.*

■ Plaintiff is seeking damages for being convicted pursuant to an allegedly unconstitutional rule. These damages include mental anguish, emotional distress, and lost wages. Plaintiff's claims for damages are against the defendants in their personal capacities.

Here, Defendants argue they are entitled to qualified immunity. The affirmative defense of qualified immunity may provide officials with two types of protection. First, it functions as a defense to liability when the actions allegedly taken by officials did not violate clearly established law.[32] If the law was not clearly established when officials acted, qualified immunity bars an award of damages. In order for qualified immunity to be surrendered, pre-existing law must dictate the conclusion for every similarly situated, reasonable government agent that what he or she is doing violates federal law in the circumstances.[33] Second, qualified immunity may provide officials with an immunity from suit by relieving them from the burdens of both discovery and a trial.[34]

"The bifurcated test for qualified immunity is quite familiar: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident." [35]

---

28. *See Yates v. Stalder*, 217 F.3d 332, 333 n. 2 (5th Cir.2000).

29. *See Minton v. St. Bernard Parish School Board*, 803 F.2d 129, 134 (5th Cir.1986) (holding official immunity doctrines do not bar injunctive relief or suits in which officials are sued only in their official capacities and, therefore cannot be personally liable).

30. Secretary Stalder, in his role as Secretary of the Louisiana Department of Public Safety and Corrections, is responsible for implementing the disciplinary rule at issue in this lawsuit. Warden Cain, in his role as Warden of the Louisiana State Penitentiary at Angola, is responsible for enforcement of the disciplinary rules at Angola.

31. *See Yates*, 217 F.3d at 333 n. 2 (5th Cir. 2000).

32. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

33. *See Sorenson v. Ferrie*, 134 F.3d 325, 330 (5th Cir.1998).

34. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

35. *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir.1998).

In the instant case, the Court finds Plaintiff has alleged a violation of a clearly established constitutional right. The rights of free speech and access to the courts are fundamental constitutional rights.[36]

The second prong of the test requires the Court to determine whether the defendants' conduct was objectively reasonable pursuant to the clearly established law at the time of the incident. The relevant inquiry is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.[37] Here, the Court must determine whether a reasonable state official would have applied Rule 30k to this situation.

First, a disciplinary board found the allegations made by the Plaintiff in the ARP were without merit. Plaintiff then conveyed the same allegations to his mother, who then placed the information on the internet. Because the allegations were held to be without merit, a reasonable prison official could have concluded that the Plaintiff was "spreading rumors." The Court is unaware of any definitive statement from the Fifth Circuit or United States Supreme Court stipulating prison officials cannot limit the dissemination of "rumors."

Considering the law available to prison officials at the time they promulgated and enforced Rule 30k, it was not unreasonable to limit the dissemination of certain information defined as "rumor." Accordingly, as to Plaintiff's claims for *damages* for being convicted pursuant to an allegedly unconstitutional rule, Defendants are entitled to qualified immunity.

### b. Qualified Immunity as it Pertains to Plaintiff's Claim for Retaliation.

Plaintiff alleges the Rule 30k disciplinary proceeding was initiated against him in retaliation for having the advertisement placed on the internet. Plaintiff further alleges that placing an advertisement seeking legal help was a constitutionally protected right. Plaintiff is seeking damages for mental anguish, emotional distress, and lost wages from each of the defendants in their personal capacities.[38]

Defendants have filed for summary judgment on grounds they are entitled to qualified immunity. As discussed above, considering the law available to prison officials at the time they promulgated and enforced Rule 30k, it was not unreasonable to restrict the dissemination of information defined as "rumor." Therefore, Defendants were acting objectively reasonable when they initiated disciplinary proceedings and enforced Rule 30k.

Therefore, as to Plaintiff's claim for *damages* due to *retaliation,* Defendants are entitled to summary judgment on grounds of qualified immunity. Accordingly, Plaintiff's retaliation claim will be dismissed.

**36.** *See Wilson v. Thompson,* 593 F.2d 1375, 1387 (5th Cir.1979) (stating "[i]t is by now well established that access to the courts is protected by the First Amendment right to petition for redress of grievances")

**37.** *See Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

**38.** Although not raised by either party, the Court notes 42 U.S.C.1997e (e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a **prior showing of physical injury.**" (emphasis added).

## C. *Plaintiff's Motion for Summary Judgment (doc. 18).*

1. **The only claim that remains is Plaintiff's constitutional challenge of Rule 30k, in which he is seeking declaratory and injunctive relief.**

Plaintiff alleges Rule 30k is unconstitutionally vague and overbroad on its face and as applied. The Court notes the appropriate defendants in an action to have a prison rule declared unconstitutional and enjoin its enforcement are Secretary Stalder and Warden Cain in their individual capacities. The United States Supreme Court set forth the proper analysis for examining prison regulations in *Turner v. Safley*.[39] Because this lawsuit pertains to the rights of free speech and access to the courts, the Court will utilize the *Turner* analysis. This Court must inquire "whether a prison regulation that burdens fundamental rights is 'reasonably related' to legitimate penological interests, or whether it represents an 'exaggerated response' to those concerns."[40]

Several factors are relevant in determining the reasonableness of a prison regulation.[41] "First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it."[42] In the instant case, Rule 30k cannot be sustained if the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational.[43]

Defendants have merely stated they have legitimate security concerns with regard to the spreading of rumors and false information about employees and any behavior that may impair or threaten the security or stability of the institution. While there may very well be a valid security concern regarding the spreading of rumors, this concern does not permit the promulgation of vague prison rules. At oral argument, Defendants' counsel could not respond to what constitutes a "rumor." Hence, the substantially vague language contained in Rule 30k clearly does not have a valid, rational connection to any legitimate government interest and is therefore unreasonable.

The second factor relevant in determining the reasonableness of Rule 30k "is whether there are alternative means of exercising the right that remain open to prison inmates."[44] The Court takes notice that it must be "conscious of the 'measure of judicial deference owed to corrections officials ... in gauging the validity of the regulation.' "[45]

Here, the fundamental right at issue is the inmate's right to convey information to obtain access to the courts and legal counsel. Defendants contend that Plaintiff had alternative means of exercising his rights. However, the language of Rule 30k would allow prison officials to punish an inmate for "spreading rumors." Defendants concede in their motion for summary judgment that even if Plaintiff "used other media to spread rumors, true or false, ...

---

**39.** 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

**40.** *Id.* at 87, 107 S.Ct. 2254.

**41.** *Id.* at 89, 107 S.Ct. 2254.

**42.** *Id.* at 90, 107 S.Ct. 2254 (citing *Block v. Rutherford,* 468 U.S. 576, 586, 104 S.Ct. 3227, 82 L.Ed.2d 438).

**43.** *Id.*

**44.** *Id.*

**45.** *Id.* (quoting *Pell v. Procunier,* 417 U.S. 817, 827, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974)).

his action would have been equally in violation of Rule 30k."

In the instant case, Plaintiff conveyed information over the telephone to his mother who then placed the information on the internet to seek legal counsel for her son. Although Defendants argue Plaintiff was not prevented from corresponding with his attorney, the vague language of Rule 30k prevents Plaintiff from conveying **any** information that prison officials deem to be a "rumor."

Once information is branded as a "rumor," the language of Rule 30k prevents inmates from communicating the information to any party. Rule 30k does not permit for alternative means that would allow Plaintiff to convey the information to legal counsel. Hence, the vague language in Rule 30k effectively shuts all avenues of communication with respect to any information that prison officials define as "rumor."

The third factor the Court should consider is "the impact accommodation of the asserted constitutional right will have on guards, and other inmates, and on the allocation of prison resources generally."[46] Allowing Plaintiff to communicate information to parties outside the prison in order to obtain legal counsel does not adversely impact guards or other inmates. Additionally, the accommodation does not adversely impact prison resources.

The only accommodation necessary is to allow inmates the ability to communicate freely when seeking legal assistance. In order for an inmate to obtain an attorney's services, he or she will have to disclose all of the pertinent facts. In certain instances, that disclosure may include information

prison officials have defined as "rumors about an employee, visitor, guest, or inmate." Thus, allowing Plaintiff the right to speak or convey information that is necessary to obtain legal counsel yields no adverse impact on guards, other inmates, or prison resources.

The final consideration is the presence or absence of ready alternative regulations.[47] "[I]f an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at *de minimis* cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard."[48] Moreover, "the existence of obvious, easy alternatives may be evidence that the regulation is not reasonable, but is an 'exaggerated response' to prison concern."[49]

Defendants suggest "spreading rumors" may endanger guards or threaten the security of the institution. However, if guards' safety or institutional security are the relevant concerns, there are alternative Disciplinary Rules that do not limit an inmate's ability to convey information required to obtain counsel.

These alternative Disciplinary Rules prevent inmates from directly and indirectly harming or threatening guards and also prevent inmates from influencing anyone to violate institutional policies.[50] At oral argument, Defendants suggested that "rumors" could be used to defraud the public. However, there is a disciplinary rule which prohibits inmates from "organizing or participating in a scam."[51] Therefore, a separate rule prohibiting "rumors" is not required to prevent fraudu-

---

46. *Id.*

47. *Id.* (citing *Block v. Rutherford,* 468 U.S. 576, 587, 104 S.Ct. 3227, 82 L.Ed.2d 438).

48. *Id.* at 91, 107 S.Ct. 2254.

49. *Id.* at 90, 107 S.Ct. 2254.

50. *See* Louisiana Disciplinary Rules 3, 30b, and 30h.

51. *See* Louisiana Disciplinary Rule 30f.

lent activity. Clearly, there are existing alternative remedies available to the prison which would prevent potentially harmful statements and yet not prevent the flow of information required to seek legal counsel. The totality of the aforementioned factors suggests the vague language of Rule 30k is indeed an "exaggerated response" and is not reasonably related to legitimate penological interests.

The Court is cognizant of "the familiar proposition that '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' " [52] However, prison regulations which limit fundamental rights, such as the right to access the courts and seek legal counsel, must be reasonable. The language in Rule 30k is so vague and overbroad that even Defendants' counsel could not describe what constitutes "spreading rumors."

The dictionary definition of "rumor" is "talk or opinion widely disseminated with no discernible source" or "a statement or report current[ly] without known authority for its truth." [53] According to Defendants' briefs, "the rumors could have even been true." [54] Thus, Rule 30k prohibits any information, whether true or false, that prison officials deem to be a "rumor."

Plaintiff challenges Rule 30k on overbreadth and vagueness grounds, both as applied and facially. "The overbreadth and vagueness doctrines are related yet distinct." [55] The doctrine of vagueness

protects individuals from laws lacking sufficient clarity of purpose or precision in drafting.[56] On the other hand, overbroad legislation is unconstitutional because it sweeps protected activity within its proscription.[57]

### A. Facial Vagueness Challenge

■ First, a person of ordinary intelligence deserves a reasonable opportunity to know what is prohibited, so that he may act accordingly.[58] There are various connotations of the word rumor and it is virtually impossible to determine what speech is prohibited.

Defendants state a "rumor" could be true or it could be false. Thus, an inmate may not know it is a "rumor" until after officials have declared it such. Clearly a prohibition on "spreading rumors" provides no opportunity whatsoever for a person of ordinary intelligence to know what is prohibited. Therefore, the Court finds Rule 30k is facially vague.

### B. Vague as Applied to Plaintiff

■ As applied to Plaintiff, the Court concludes that Rule 30k is vague. Plaintiff submitted an ARP to prison officials containing certain allegations of abuse. A disciplinary board found the allegations in the ARP to be without merit. Plaintiff then conveyed the allegations in the ARP to his mother, who then placed the information on the internet with a request for legal assistance. Rule 30k simply did not

**52.** *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974)(quoting *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)).

**53.** Definition of rumor at http://m-w.com/cgi-bin/dictionary?book=Dictionary & va=rumor & x=9 & y=20 (September 21, 2004).

**54.** Defendants' Memorandum in Support of Motion for Summary Judgment (doc. 27).

**55.** *J & B Entertainment, Inc. v. City of Jackson,* 152 F.3d 362, 366 (5th Cir.1998) (quoting *American Booksellers v. Webb,* 919 F.2d 1493, 1505 (11th Cir.1990)).

**56.** *J & B Entertainment,* 152 F.3d at 366.

**57.** *Id.*

**58.** *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

provide Plaintiff with any warning that reading his ARP over the phone to his mother would result in a conviction for "spreading rumors." Thus, Rule 30k is vague as applied to Plaintiff.

### C. Facially Overbroad

■ As the Court has already described, a rule is overbroad if it includes protected activity within its proscription. In the instant case, Rule 30k undoubtedly prevents protected activities. Angola's legitimate concern over the spread of false or inflammatory material can be achieved without prohibiting protected speech. In Angola's attempt to prevent the "spread of rumors," it has prohibited the flow of information that may be necessary to obtain legal counsel. Therefore, Rule 30k is facially overbroad.

### D. Overbroad as Applied

■ Plaintiff was engaged in a protected activity when he was seeking legal counsel. He made statements that he believed to be true to a non-inmate for the purpose of obtaining an attorney. Applying Rule 30k to Plaintiff resulted in the suppression of a fundamental right, namely the right to access courts and seek counsel. Hence, Rule 30k is overbroad as applied to Plaintiff.

Accordingly, Plaintiff is entitled to summary judgment on his claim seeking declaratory and injunctive relief based on the grounds that Rule 30k is unconstitutionally vague and overbroad on its face and as applied.

It appears that this ruling resolves all of the claims in Plaintiff's first amended complaint. In accordance with the findings of the Court, counsel for the Plaintiff shall submit a declaratory and injunctive relief order and form of judgment after having obtained approval as to form from Defendants' counsel. Plaintiff should be aware that 18 U.S.C. § 3626 stipulates that any prospective relief must be narrowly drawn. Therefore, Plaintiff's order for declaratory and injunctive relief shall be within the parameters of 18 U.S.C. § 3626.

### D. Plaintiff's Motion for Undisputed Material Facts to be Deemed Admitted.

Inasmuch this ruling resolves all of Plaintiff's claims, the motion for undisputed material facts to be deemed admitted is moot and will be denied.

## IV. CONCLUSION

Accordingly, for the reasons assigned, Defendants' motions for summary judgment (doc. 25) and (doc. 34) are hereby **GRANTED** in part and **DENIED** in part.

Defendants' motions for summary judgment (doc. 25) and (doc. 34), with respect to Plaintiff's claims for damages, are hereby **GRANTED.**

Defendants Secretary Richard Stalder and Warden Burl Cain's motion for summary judgment (doc. 25), with respect to Plaintiff's claims for declaratory and injunctive relief, is hereby **DENIED.**

Plaintiff's motion for summary judgment (doc. 18), is hereby **GRANTED** with respect to his claims for declaratory and injunctive relief from Defendants Stalder and Cain, and **DENIED** in all other respects.

Plaintiff's motion for undisputed facts to be deemed admitted (doc. 48) is hereby **DENIED.**