**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 14, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41287
Conference Calendar

_____

CARLOS ARMENDARIZ-MATA,

                                        Plaintiff-Appellant,

versus

HARLEY LAPPIN, National Director for the U.S. Department
of Justice BOP, in his official and individual capacity;
ET AL.,

                                        Defendants,

HARLEY LAPPIN, National Director for the U.S. Department
of Justice BOP, in his official and individual capacity;
HARRELL WATTS, in his individual capacity; RONALD G.
THOMPSON, in his individual capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CV-157-DF-CMC
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

    Carlos Armendariz-Mata, federal prisoner # 42411-080,

appeals the dismissal of his <u>Bivens</u>[**] action for failure to state

a claim.  Armendariz's complaint alleged that his due process

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

and equal protection rights were violated when his request for transfer to a prison facility closer to his family was denied.

Armendariz has failed to allege the deprivation of a liberty interest because the Due Process Clause does not provide prisoners with a protected liberty interest in being housed in a particular facility. Yates v. Stalder, 217 F.3d 332, 334 (5th Cir. 2000). Armendariz has similarly failed to state an equal protection claim because he has not shown, as an alien subject to an INS detainer, that he is similarly situated to prisoners who will remain in the United States following their release. See Samaad v. City of Dallas, 940 F.2d 925, 941 (5th Cir. 1991). Armendariz's allegation that other inmates with INS detainers were allowed to participate in the "nearer to release" program was deemed unexhausted by the district court and therefore subject to dismissal. Armendariz does not address the district court's determination in this regard, and he has therefore waived its review. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.