# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-30985
Summary Calendar

STANLEY PRICE,

Plaintiff-Appellant,

v.

HOUSING AUTHORITY OF NEW ORLEANS; JUSTIN ORMSBY, in his former capacity as Administrative Receiver Assistant for the Housing Authority of New Orleans; SELARSTEIN MITCHELL, in her former capacity as Director of Section 8 for the Housing Authority of New Orleans; DONNA JONES, in her capacity as Manager for the Housing Authority of New Orleans; KIM VARISTE, in her capacity as Interim General Counsel for the Housing Authority of New Orleans; MICHAEL TOUSSAINT, in his capacity as Compliance Officer for the State of Louisiana, Department of Justice,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-09741

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Plaintiff-Appellant Stanley Price filed this lawsuit against Defendants-Appellants Housing Authority of New Orleans (HANO), Justin Ormsby, HANO's former administrator, Selarstein Mitchell, former director of HANO's Section 8 program, Donna Jones, manager of HANO, Kim Variste, interim general counsel for HANO, and Michael Toussaint, a compliance officer for the State of Louisiana. Price asserted claims under 42 U.S.C. §§ 1983, 1985, and 1986, alleging that the defendants violated his rights under the due process and equal protection clauses. He also alleged a violation of the Fair Housing Act, 42 U.S.C. §3101 *et seq*. Price's allegations stem from awards in 1994 and 1998 of a HOPE VI revitalization grant and a demolition grant to revitalize the Desire Housing Development (Desire) in Orleans parish. In 2001, the residents of Desire filed a class action lawsuit related to these grants. Price initially took part in the lawsuit but was not part of the settlement, which resulted in a memorandum of understanding that provided housing and economic benefits to the class. He now claims, among other things, that he has not received these benefits because he is male, while the other beneficiaries are all female.

The district court granted summary judgment to all defendants except Michael Toussaint, and granted Toussaint's motion to dismiss. Price appealed. The parties are familiar with the facts of this case. Having reviewed the briefs, applicable law, and pertinent portions of the record, we affirm.

The district court correctly held that Price failed to present evidence sufficient to withstand summary judgment in defendants' favor. First, Price's due process claim fails because he has not established a constitutionally protected interest, not having been a resident of Desire when the class action suit was settled and having opted out of the settlement agreement. *See Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Second, he has not shown that he is similarly situated to the class beneficiaries, defeating his equal protection claim. *See Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir.

2000). Third, Price has not alleged or established discrimination based on his race, which vitiates his claims under §§ 1985 and 1986. *See Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002); *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000). Finally, Price's Fair Housing Act claim fails because he has not established that he was displaced from Desire by the revitalization and demolition plan, or that he had a right to a housing benefit. *See Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 530 (5th Cir. 1996).

The district court also correctly determined that the Eleventh Amendment bars Price's claims against Toussaint. That amendment bars suits by citizens against their own states. *See Kimmel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). A suit against a state officer in his official capacity is treated as a suit against the state. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Because Price is suing Toussaint in his official capacity for damages, the action is barred by the Eleventh Amendment, and the district court properly dismissed those claims.

For these and the other reasons discussed by the district court, the judgment is AFFIRMED.