# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10280
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2014

Lyle W. Cayce
Clerk

ANDREW SIEBERT,

Petitioner-Appellant

v.

RODNEY W. CHANDLER, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-825

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Proceeding pro se and in forma pauperis, Andrew Siebert, federal prisoner # 33672-177, appeals the district court's denial of his 28 U.S.C. § 2241 petition in which he challenged the Bureau of Prisons' (BOP's) denial of his request for a transfer from FCI Fort Worth, where he is currently incarcerated, to a minimum security prison camp. Siebert concedes that a prisoner has no constitutional right to be incarcerated in any particular facility, but he argues

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the BOP's decision to deny his transfer request based on his past criminal history was arbitrary and capricious and that the decision violated 28 C.F.R. § 541.12.  He also argues that the district court failed to address his argument that the failure to apply § 541.12, which has been rescinded, would result in an ex post facto violation.

In reviewing the denial of habeas relief, we review a district court's conclusions of law de novo and findings of fact for clear error.  *Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011).  The district court's denial of relief may be affirmed "on any ground supported by the record."  *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

"The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement."  *Yates v. Stalder,* 217 F.3d 332, 334 (5th Cir. 2000) (citing *Meachum v. Fano*, 427 U.S. 215, 255 (1976)).  Moreover, a prisoner has no liberty interest or right to be housed in any particular facility, *see Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983), and the BOP has wide discretion in designating the place of a prisoner's imprisonment.  *See* 18 U.S.C. § 3621(b).

Although Siebert contends that § 541.12 created a protected liberty interest in being treated respectfully, impartially, and fairly, the relevant statutory language is discretionary and did not create a liberty interest in being assigned to a particular facility.  *See* § 3621(b); *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007).  Further, although Siebert may disagree with the outcome of the BOP's assessment of his eligibility for transfer, he is not entitled to habeas relief based upon his disagreement with that assessment, which was based upon relevant statutory criteria.  *See* § 3621(b).  Finally, because the district court did not base its decision to deny § 2241 relief on the

No. 14-10280

fact that § 514.12 has been rescinded, the district court's failure to address Siebert's ex post facto argument does not constitute reversible error.

The district court did not err in denying Siebert's § 2241 petition. Accordingly, the judgment of the district court is AFFIRMED.